UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONAS KIM GREENMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:16-cv-434-TAV |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION

Federal inmate Jonas Greenman has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a motion to file an addendum. Respondent has filed a response in opposition to both the original petition and the addendum. Having considered the pleadings and the record, along with the relevant law, the Court finds that there is no necessity for an evidentiary hearing[1], and Greenman's § 2255 motion and motion for addendum will be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Over a ten-day period in late 2009, Greenman robbed four Knoxville businesses at gunpoint: a Quiznos restaurant on November 23, 2009; a Days Inn hotel on November 30, 2009; an Advance Auto Parts store on December 1, 2009; and a P.F. Chang's restaurant on

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

December 2, 2009 [Doc. 11 at ¶ 5 in No. 3:09-CR-164]. Greenman was subsequently indicted with four counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, and four corresponding counts of using, carrying, and brandishing a firearm during an in relation to a crime of violence in violation of 18 U.S.C. § 924(c) [Doc. 1 in No. 3:09-CR-164].

With the assistance of counsel, Greenman negotiated a plea agreement whereby he agreed to plead guilty to two of the § 924(c) offenses in exchange for dismissal of the remaining counts [Doc. 11 in No. 3:09-CR-164]. Greenman's plea was accepted, and the Court entered judgment in this cause on January 26, 2011, sentencing Greenman to the lowest sentence authorized by law for his offenses of conviction: 84 months' imprisonment for his first § 924(c) offense, followed by 300 months' imprisonment for the second [Doc. 17 in No. 3:09-CR-164]. Greenman did not appeal.

On or about June 24, 2016, Greenman filed the instant motion challenging his § 924(c) convictions in light of the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down as unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA") [Doc. 1]. *Johnson*, 135 S. Ct. at 2563. On or about February 6, 2019, Greenman filed a "Motion for Addendum" to his petition seeking to add additional claims [Doc. 5]. The United States was ordered to respond to Greenman's allegations, and it filed a response on April 10, 2019 [Doc. 9].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S.

152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Timeliness

A one-year limitation period applies to § 2255 motions, and it runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitation period typically becomes "final" for purposes of § 2255 "at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Greenman's judgment became "final" on February 9, 2011 ▯ the expiration of time to appeal (January 26, 2011 plus 14 days). *See Sanchez-Castellano v.*

*United States*, 358 F.3d 424, 426-28 (6th Cir. 2004) (holding where no appeal is filed, judgment becomes final upon expiration of time to appeal); *see also* Fed. R. App. P. 4(b) (allowing party 14 days to file appeal in criminal case). Thus, Greenman had until February 9, 2012 in which to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Because Greenman did not file his § 2255 motion until 2016, his motion is untimely under § 2255(f)(1).

By contesting his convictions under *Johnson*, Greenman seeks to invoke the later running date of § 2255(f)(3). While Greenman's motion was filed within one year after the Supreme Court handed down its decision in *Johnson*, the Court there held only that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. *Johnson* did not "call into question. . . the remainder of the Act's definition of a violent felony." *Id*. Moreover, it did not even discuss the statutory provision under which Greenman was convicted. Accordingly, the *Johnson* decision does not reset the one-year limitations period for defendants raising claims other than the propriety of their armed career criminal classifications.

The Court otherwise notes that the § 2255 limitations period may be tolled under extraordinary circumstances. *See, e.g.*, *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling typically only applies "when a litigant's failure to meet a legally-mandated deadline unavoidably rose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). It is the petitioner's burden

4

to prove equitable tolling's application to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy his burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Greenman has not established any extraordinary circumstances that would warrant equitable tolling in this case.

Additionally, more than two years after filing his § 2255 motion, Greenman sought to file an addendum, citing the First Step Act and alleging ineffectiveness by counsel [Doc. 5]. Amendments made after the statute of limitations has run relate back to the original pleading under Federal Rule of Civil Procedure 15(c)(1)(B) if the amended pleading "arose out of the [same] conduct, transaction, or occurrence" as that of the original pleading. Fed. R. Civ. P. 15(c)(1)(B). However, "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *United States v. Clark*, 637 F. App'x 206, 208–09 (6th Cir. 2016) (citation omitted). Because Greenman's initial motion was untimely, his addendum is necessarily also untimely.

**B.    Waiver**

Moreover, in his plea agreement, Greenman expressly "waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] convictions and/or resulting sentence" with the exception of "claims of ineffective assistance of counsel or prosecutorial misconduct" [Doc. 11 ¶15(b) in No. 3:09-CR-164]. A knowing and voluntary waiver of § 2255 claims is enforceable. *Davila v. United States*, 258 F.3d 448,

450-51 (6th Cir. 2001). In this case, there is no dispute that Greenman entered into a knowing and voluntary plea agreement. Accordingly, Greenman's claims involving the propriety of his § 924(c) convictions or sentence are barred by his § 2255 waiver.

It is irrelevant that Greenman entered into his waiver before *Johnson* was decided or before Congress enacted the First Step Act. After all, a "plea agreement allocates risk, and the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citation and quotation marks omitted). Accordingly, aside from his ineffective assistance of counsel claims, Greenman has waived the right to seek relief. However, out of an abundance of caution, the Court will consider the merits of Greenman's claims.

### C. Merits

#### 1. Section 924(c) convictions

Greenman claims that the reasoning of *Johnson* also invalidated the residual clause in § 924(c)(3)(B)'s definition of a crime of violence, which requires vacatur of his § 924(c) convictions. The residual clause of the ACCA struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563.

Under 18 U.S.C. § 924(c), it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in

furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Court finds that the Sixth Circuit has expressly held that *Johnson*'s reasoning does not invalidate the differently-worded residual clause of § 924(c)(3)(B), noting, in part, that the residual clause of § 924(c) is limited to use of physical force "in the course of" committing the offense. *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Accordingly, Greenman's claim that he is entitled to relief from his § 924(c) convictions under the reasoning of *Johnson* is without merit.

Moreover, because the Supreme Court expressly stated in *Johnson* that it was not invalidating the ACCA's use-of-force clause, *Johnson* has no application to the similarly-worded use-of-force clause in § 924(c)(3)(A). *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, even if *Johnson* did invalidate the residual clause of § 924(c)(3)(B), Greenman's conviction would nonetheless be valid under § 924(c)(3)(A)'s use-of-force clause. A Hobbs Act robbery by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," and therefore, categorically involves the use, attempted use, or threatened

use of such force. 18 U.S.C. § 1951(b)(1); *see also, e.g., United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (finding Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-force clause in 18 U.S.C. § 924(c)(3)(A)). Accordingly, the Supreme Court's holding in *Johnson* does not provide Greenman with a basis on which to challenge the validity of his convictions.

### 2. First Step Act

In his 2019 addendum, Greenman asks this Court to vacate the sentence for his second § 924(c) conviction in light of Section 403 of the First Step Act of 2018 [Doc. 1 p. 5]. That section amended § 924(c) to preclude the 25-year mandatory minimum in § 924(c)(1)(C) unless the defendant had a prior § 924(c) conviction that became final before he committed the current § 924(c) violation.

Section 403, however, does not benefit defendants who were originally sentenced on or before December 21, 2018, as § 403(b) explicitly states that it "appl[ies] to any offense that was committed before the date of enactment of this act, if a sentence for the offense has not yet been imposed as of such date of enactment." 132 Stat. 5194, 5221-22 (2018). Greenman's sentence was imposed long before the First Step Act was enacted, and therefore, it is inapplicable to his § 924(c) convictions.

### 3. Ineffective assistance of counsel

Greenman also alleges that he received the ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel must satisfy the two-pronged test set

forth in *Strickland v. Washington*, which requires the petitioner to show deficiency by counsel, i.e., that his attorney's performance failed to be reasonably effective as measured by prevailing professional norms; and prejudice, i.e., that absent counsel's acts or omissions, there is a reasonable probability that the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims).

While Greenman faults counsel for not successfully arguing against his stacked § 924(c) sentences, a "failure to perceive or anticipate a change in the law. . . generally cannot be considered ineffective assistance of counsel." *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010). Moreover, years before the First Step Act's 2018 effective date, the Supreme Court affirmed application of the enhanced penalties under § 924(c)(1)(C), even in the absence of a prior judgment of conviction for violating § 924(c). *See Deal v. United States*, 508 U.S. 129, 132-33 (1993). Therefore, Greenman can not be deemed ineffective for failing to make the argument against stacking the § 924(c) convictions in 2011. *Maples v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (finding counsel not constitutionally ineffective for failing to raise meritless issues).

IV.    **CERTIFICATE OF APPEALABILITY**

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Greenman must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C.

§ 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Greenman has failed to establish any basis upon which § 2255 relief could be granted, and his motion [Doc. 1] and subsequent motion to file an addendum [Doc. 5] will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Order will enter.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE